John Oliveira
Plaintiff Pro Se
15442 N. 57th Street
Scottsdale, Arizona 85254
Phone: (602) 320-3574
john@numagagroup.com

Plaintiff Pro Se

FILED ___ LODGED
___ RECEIVED, ___ COPY

AUG 3 1 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

John Oliveira, an individual

Plaintiff,

vs.

United States of America, Department of the Interior, Sally Jewell, as acting United States Secretary of the Interior, Bureau of Indian Affairs, Lawrence S. Roberts, as acting Assistant Secretary of the Interior for Indian Affairs, Damon Edminsten, as Division Chief Internal Affairs, Bureau of Indian Affairs, Carleen Fischer, Special Agent in Charge, Bureau of Indian Affairs, Ann Button, Contracting Officer Technical Representative, Bureau of Indian Affairs, and John and Jane Does I through IX et al,

Defendants.

Case No.    CV-16-02925-PHX-ESW

**COMPLAINT**

1

2815342.1

Plaintiff Pro Se, John Oliveira, alleges the following claims for: (1) violation of the Privacy Act of 1974, 5 U.S.C. § 552a, et seq.; (2) violation of state laws for negligent file maintenance such claims not being subject to governmental immunity under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)("FTCA"); (3) invasion of rights to privacy such claims not being subject to governmental immunity under the FTCA; (4) emotional distress such claims not being subject to governmental immunity under the FTCA; (5) interference with prospective economic relationships such claims not being subject to governmental immunity under the FTCA; (6) violation of the Freedom of Information Act ("FOIA"); and (7) injunctive relief pertaining to the care and maintenance of his personnel file.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Oliveira is an individual residing at 15442 N. 57th Street in Scottsdale, Arizona.

2.      Defendant, Sally Jewell, serves as the current Secretary of the Interior for the United States of America, and is named in that capacity herein.

3.      Defendant, Lawrence S. Roberts, serves as the current acting Assistant Secretary of the Interior, Bureau of Indian Affairs, and is named in that capacity herein.

4.      Defendant, Damon Edminsten, serves as a Division Chief for Internal Affairs, Bureau of Indian Affairs, and is named in that capacity herein.

5.      Defendant, Carleen Fischer, serves as a Special Agent in Charge for the Bureau of Indian Affairs and is named in that capacity herein.

6.      Defendant, Ann Button, serves as a Contracting Officer Technical Representative ("COTR") for the Bureau of Indian Affairs, and is named in that capacity herein.

2815342.1

7. Upon information and belief, all above-named Defendants in paragraphs 2 through 6 were acting within the course and scope of their authority and employment at all relevant times herein (collectively the "Defendants"). If it turns out through discovery that these employee/defendants were not acting within the course and scope of their employment, Plaintiff will seek to amend or conform this complaint to the evidence.

8. John and Jane Does are named as fictitious defendants the identities of which are not known at this time and may be substituted by name at a later date.

9. This Court has original jurisdiction over this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a (g)(1) (D) and (g)(5) and the Federal Tort Claims Act, 28 U.S. § 1346(b), and FOIA, 5 U.S.C. § 552(a)(4)(B).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b), *inter alia*, because the Plaintiff resides in Scottsdale, Arizona.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 10 of this Complaint.

12. Plaintiff Oliveira is of Native American decent and an enrolled member of the Choctaw Tribe of Oklahoma.

13. Plaintiff Oliveira is also a United States Army veteran who served in the armed services from 1987 to 1991.

14. From approximately June 1, 2000 through July 15, 2006, Plaintiff was an employee of the United States government, Bureau of Indian Affairs ("BIA"), Office of Justice Services ("OJS").

15. During such time period, Mr. Oliveira held various positions including Special Agent from approximately June 2000 to June 2002, Supervisory Special Agent from approximately June 2002 to August 2004, Acting Assistant Special Agent in Charge from approximately August 2004 to December 2005, and Assistant Special Agent in Charge from approximately January 2006 to June 2006.

3

2815342.1

16.     Between 2000 and 2006, Plaintiff also held several supervisory positions within the BIA including the National Child Abuse Coordinator (2004-2006), Special Response Team (SRT) Commander (2002-2004) and Assistant Special Agent in Charge (2004-2006).

17.     During his tenure at the BIA, Plaintiff has received numerous awards and commendations including a Meritorious Commendation from the Secretary of Interior for his actions during the attacks of September 11, 2001, commendation for actions in Mississippi during Hurricane Katrina, a Victim Service Award from the U.S. Attorney in Arizona, was a finalist for the Service to America Justice Medal, U.S. Senatorial Recognition for his work with child maltreatment investigations, ICIN Leadership Award, and numerous Commander's Awards, among other awards of appreciation.

18.     Plaintiff Oliveira's record and employment history at the BIA was stellar and he was promoted several times during his tenure at the BIA.  Notably, he was never the subject of any disciplinary proceeding resulting from any internal affairs investigations.

19.     On or about July 15, 2006, Plaintiff Oliveira voluntarily resigned from the BIA-OJS so that he could pursue another opportunity as a private contractor in Iraq in support of the U.S. mission against terrorism.

**BIA'S IMPROPER DISCLOSURE OF PERSONAL INFORMATION**

20.     After returning from spending approximately six years in the Middle East doing private contract work for the U.S. government, on or about September 9, 2014, Plaintiff accepted a position as (and was appointed) Chief of Tribal Police for the Chukchansi Tribal Police Department of the Picayune Rancheria of Chukchansi Indians ("Tribal Police") in Coarsegold, California.

21.     During the course of that employment, Plaintiff was asked to investigate certain events at the Chukchansi Gold Resort and Casino.  More specifically, the tribal council requested the Tribal Police to search for an audit required by the National Indian Gaming Commission ("NIGC") for compliance with the Indian Gaming Regulatory

4

2815342.1

Act.  The NIGC had issued a Temporary Closure Order for the casino if the audit was not received by October 27, 2014.  A hostile faction of the tribe who had previously taken over the casino by force occupied the offices of the Tribal Gaming Commission ("TGC") was withholding the audit.

22.     On or about October 9, 2014, Plaintiff and nine other officers of the Tribal Police went into the Chukchansi Gold Resort and Casino to obtain a copy of the audit and were confronted by armed private security guards employed by the hostile faction. In compliance with the law, the Tribal Police arrested and detained several of the security guards for release to the Madera County Sheriff's Department.

23.     Thereafter, the Madera County Sheriff's Department ("MCSD") initiated an investigation into whether the Plaintiff and the nine tribal police officers violated California state law in the performance of their duties.

24.     During the course of that investigation, on or about October 16, 2014, BIA Special Agent in Charge, Defendant Carleen Fischer, provided false information to the MCSD when she advised them that the Chukchansi Tribal Police Department was not a real police department because they were not "certified" by the BIA and that any arrest by that tribal police department (i.e. by Plaintiff) of non-Indians was unlawful.

25.     According to a MCSD report in October 2014, Defendant Fischer's comments were an impetus to the pursuit of criminal charges against Plaintiff and nine other officers of the Tribal Police Department.  A true and correct copy of the MCSD report is attached as **Exhibit 1.**

26.     Detective Blehm of the Madera County Sheriff's Department stated in his October 2014 report that Defendant Fischer's comments were "significant" and "clearly indicate" a crime had been committed:

"Fischer told me that the tribe could appoint and form their own tribal police, but their powers would be limited to enforcing tribal laws, on tribal land against Native Americans only. I found this significant due to the fact that most of individuals detained by the MCDONALD faction tribal police were not

5

Chukchansi tribal members, nor were they Native Americans. This would clearly indicate that the MCDONALD faction tribal police, led by OLIVEIRA had no authority or jurisdiction to detain any of the Chukchansi Casino employees."

27. Upon information and belief, Defendant Fischer's statements led or contributed to the Madera County District Attorney's Office decision to file twenty-seven (27) felony counts against Plaintiff as the Chief of Police and nearly three hundred (300) counts against nine (9) other tribal police officers, alleging none of them were authorized police officers acting within the scope of any tribal authority.

28. Defendant Fischer also disclosed personal and confidential information regarding Plaintiff's former employment with the BIA to MCSD detectives without authorization to do so.

29. Defendant Fischer advised the MCSD detectives that during Plaintiff's employment with the BIA, Plaintiff had been the subject of an Internal Affairs investigation, in which she was the investigating agent.

30. Defendant Fischer provided information regarding her investigation and advised the MCSD to make an "official inquiry" for more details with Defendant Damon Edminsten, Chief of Internal Affairs at BIA-OJS.

31. Thereafter, on or about October 22, 2014, Defendant Damon Edminsten wrote a letter to the MCSD which disclosed inaccurate and false information about Plaintiff and certain alleged investigations by Internal Affairs Department of Plaintiff's conduct. A true and correct copy of BIA/Edminsten's letter is attached as **Exhibit 2**.

32. The alleged internal investigations described in Defendant Edminsten's letter of 10/22/14 were never the subject of any "official findings", in accordance with BIA-OJS policies.

33. No disciplinary action was ever taken against Plaintiff for the alleged misconduct described in Defendant Edminsten's letter.

6

2815342.1

34. On or about November 11, 2014, a copy of the 10/22/14 Edminsten letter was released to local Channel 30, ABC News in Fresno, California where the information was aired to the public during an evening newscast.

35. Prior to airing of the information, Plaintiff was contacted by the news reporter for Station 30 (ABC News) and Plaintiff advised the reporter that the information in Defendant Edminsten's letter 10/22/14 was false and urged him not to air it.

36. Plaintiff also contacted BIA-OJS and requested that it contact the news reporter for Channel 30 (ABC News) and prevent the information from being aired.

37. Upon information and belief, Defendant BIA did nothing to stop the release of the false information it released as to Plaintiff's personal work history at BIA and the story aired.

38. The alleged events in the BIA/Mr. Edminsten's October 22, 2014, letter appear to have taken place more than ten (10) years prior and, if such records had existed at all, they should have been destroyed under the Office of Personnel Management (OPM) regulations and BIA mandated document retention/destruction policy.

39. Prior to his departure from the BIA-OJS in 2006, Plaintiff never received a) any official notice of any alleged findings in the internal affairs investigations referenced in the 10/22/14 letter, b) any type of disciplinary action, or c) any due process to review and provide a response to the alleged findings.

40. Plaintiff was promoted to Assistant Special Agent in Charge in January 2006, shortly after the alleged findings by Internal Affairs. A true and correct copy of Plaintiff's official promotion is attached as **Exhibit 3.**

**BIA'S REFUSAL TO PROVIDE FOIA DOCUMENTS**

41. On March 19, 2015, Plaintiff issued a Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), to the BIA requesting a copy of Internal Affairs Investigation file

7

2815342.1

number IA-04-104 ("IA File 04-104") as was referenced in Defendant Edminsten's 10/22/14 letter. ("FOIA Request No. 1").

42.    On June 10, 2015, Plaintiff issued a FOIA request for copies of OJS Internal Affairs policies and procedures from 2004 and the current version. ("FOIA Request No. 2").

43.    On November 8, 2015, Plaintiff issued two more FOIA requests for (a) emails between August 2014 and October 2015 concerning himself (John Oliveira) between certain individuals at the BIA and (b) a letter authored by Defendant Ann Button. ("FOIA Request Nos. 3-4").

44.    Not having received a response or copy of IA File 04-104 per his FOIA Request No. 1, later on June 16, 2016, Plaintiff made two other very specific requests for documents believed to be contained in IA File 04-104 ("FOIA Request No. 5").

45.    In complete disregard of its obligations under FOIA, the BIA has failed to produce responsive records to FOIA Request Nos. 1-5 and has failed to provide any valid grounds for withholding such records.

46.    By letter dated July 21, 2016, Plaintiff appealed each of the FOIA Requests Nos. 1-5 and has exhausted his administrative remedies. A true and correct copy of the July 21, 2016 FOIA appeal letter is attached as **Exhibit 4.**

**BIA'S CONTINUED INTERFERENCE WITH PLAINTIFF'S**

**LIVELIHOOD AND PRIVACY RIGHTS**

47.    On or about July 26, 2015, Plaintiff met with Lt. Stephen Kane of the White Mountain Apache Tribal Police Department to discuss Plaintiff's background as a final condition of entering into a contract for employment as Chief of Police for the White Mountain Apache Tribe.

48.    During this meeting Officer Kane advised Plaintiff that he had been contacted by the BIA -OJS and was warned about contracting services with Plaintiff due to an incident that occurred in Coarsegold, California with the Chukchansi Indians. Upon information and belief, Tribal Officer Kane did not initiate the contact with the BIA, rather the BIA agents reached out to him.

8

2815342.1

49.    On or about July 27, 2015, Plaintiff met with Wayne Amos of the White Mountain Apache Tribe Fish and Game Department.  Mr. Amos also told Plaintiff that he had been contacted and advised by agents with the BIA-OJS that Plaintiff had separated service with the BIA after several disciplinary issues.  According to Mr. Amos, Plaintiff had gotten into a "great deal of trouble" while with the BIA and was not spoken of favorably by agents of the Office of Justice Services.

50.    On or about July 29, 2015, Plaintiff met with the White Mountain Apache Tribe, Attorney General, Jim Palmer, to discuss finalizing his employment contract.  Mr. Palmer showed Plaintiff a copy of a letter from Ann Button of the BIA (Phoenix Regional Office), in which she advised the tribe against entering into a contract for services with Plaintiff and made various false statements regarding Plaintiff.

51.    Shortly thereafter, the White Mountain Apache Tribe advised Plaintiff that they would not be hiring him based upon the derogatory statements made by the BIA as to his prior employment with BIA and his character and fitness to hold such a position.

52.    As noted above, to the contrary, Plaintiff's reputation and employment history at the BIA, was stellar.  There should be no disciplinary proceedings from any Internal Affairs investigations in his file.  And, in fact, Plaintiff's employment history is nothing but a list full of advancements and promotions.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

53.    On or about November 20, 2015, Plaintiff gave notice of this claim to the Department of the Interior, Bureau of Indian Affairs, Office of Justice Services.

54.    By letter dated March 3, 2016, the BIA denied Plaintiff's claim.  A true and correct copy of the denial letter is attached as **Exhibit 5.**

55.    As noted above, Plaintiff has also made five separate FOIA information requests to the BIA between March 19, 2015 and June 16, 2016.  True and copies of FOIA Request Nos. 1-5 are attached hereto as **Exhibit 6.**

56.    On November 8, 2015, Plaintiff made another single request for a copy of the letter from Ann Button to the Attorney General of the White Mountain Apache

2815342.1

Tribe, Jim Palmer ("FOIA Request No. 6"). A true and correct copy of the FOIA Request No. 6 is also attached at **Exhibit 6.**

57. Not having received a single responsive document to FOIA Requests Nos. 1-6, as of mid-July 2016, Plaintiff sent a letter dated July 21, 2016, making a formal administrative appeal of all FOIA Requests Nos. 1-6. A true and correct copy of the FOIA appeal was previously referenced and is attached at **Exhibit 4.**

58. That appeal was denied and/or unsatisfactorily resolved as of the date of filing this action.

59. Plaintiff has exhausted his administrative remedies in regard to filing this lawsuit and making each of these claims.

**COUNT I**
**(Privacy Act of 1974, 5 U.S.C. §§ 552a (g)(1)(C) and (D))**

60. Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

61. The BIA had a duty to maintain Plaintiff's 2000 - 2006 employment records (a) with accuracy, relevance, timeliness, and completeness so as to assure fairness in any determination relating to his qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record.

62. In 2014-2015, the BIA violated that duty by its intentional release of false information concerning Plaintiff's employment with the BIA.

63. To the extent any records did exist tending to support the BIA's statements (which Plaintiff denies ever existed), due to the passage of time such records should have been destroyed.

64. The release of such false information by the BIA has caused adverse effects and damages to Plaintiff to be proven at trial in accordance with the evidence.

2815342.1

## COUNT II
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Negligent File Maintenance)**

65. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

66. Defendants had a duty to gather, accurately summarize, store and maintain, and if requested and allowable under law, accurately disseminate information concerning Plaintiff's employment history at the BIA.

67. Defendants breached such duty.

68. Plaintiff has suffered damages as result a result of Defendants' breach in an amount to be proven at trial in accordance with the evidence.

69. Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

## COUNT III
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Invasion of Privacy/False Light)**

70. Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

71. Defendants disseminated information concerning Plaintiff's employment history at the BIA.

72. Such information is false and/or erroneous.

73. Such information placed Plaintiff in a derogatory and false light that was offensive to Plaintiff.

74. Plaintiff has suffered damages as result of Defendants' actions.

75. Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

## COUNT IV
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Negligent Emotional Distress)**

76. Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

11

2815342.1

77.     Defendants' actions were negligent.

78.     Plaintiff suffered serious emotional distress.

79.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress.

80.     Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

**COUNT V**
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Intentional Emotional Distress)**

81.     Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

82.     Defendants' actions were outrageous.

83.     Defendants intended to cause or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

84.     Plaintiff suffered serious emotional distress.

85.     Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

**COUNT VI**
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Negligent Interference with Prospective Economic Relations)**

86.     Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

87.     Plaintiff and the White Mountain Apache Tribe were in an economic relationship that probably would have resulted in a future economic benefit to Plaintiff.

88.     Defendants knew or should have known of this relationship.

89.     Defendants knew or should have known that this relationship would be disrupted if they failed to act with reasonable care.

90.     Defendants failed to act with reasonable care.

91.     Defendants engaged in wrongful conduct as described herein

12

2815342.1

92. Plaintiff's relationship with the White Mountain Apache Tribe was disrupted.

93. Plaintiff was harmed as a result of Defendants' wrongful conduct.

94. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

95. Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

## COUNT VII
**(Federal Tort Claims Act, 28 U.S.C. § 1346(b)/Intentional Interference with Prospective Economic Relations)**

96. Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

97. Plaintiff and the White Mountain Apache Tribe were in an economic relationship that probably would have resulted in a future economic benefit to Plaintiff.

98. Defendants was aware of this relationship.

99. Defendants intended to disrupt the relationship.

100. Defendants engaged in wrongful conduct as described herein

101. Plaintiff's relationship with the White Mountain Apache Tribe was disrupted.

102. Plaintiff was harmed as a result of Defendants' wrongful conduct.

103. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

104. Defendants have waived any defense of sovereign immunity as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq.

## COUNT VIII
**(Freedom of Information Act, 5 U.S.C. § 552)**

105. Plaintiff incorporates by reference each and every factual allegation contained in the above paragraphs of this Complaint.

13

2815342.1

106. Despite receiving a proper request, Defendants failed to provide Plaintiff with a complete and full response to FOIA Request Nos. 1-6 as described above.

107. Defendants failed to make a determination on the merits within 20 business days.

108. Defendants failed to respond in a timely manner.

109. Defendants failed to complete a diligent search.

110. Defendants have no grounds justifying a withholding of any or some of the documents requested.

111. Plaintiff has been damaged by, among other things, incurring costs in bringing this claim to force compliance and the inability to review documentation in a timely manner that is or may be related to the other claims that form the basis of this action.

## PRAYER for RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. An award against Defendants for compensatory and punitive damages well in excess of $1,000,000.00 as established by the evidence, and as warranted by the egregious nature of Defendants' conduct as described in this Complaint;

B. For injunctive relief, requiring Defendants to review Plaintiff's personnel file and discard any inaccurate information relating to his prior employment and to destroy any records as required under the applicable document retention policy;

C. For injunctive relief prohibiting Defendants from making any future false disclosures in regard to information properly contained within his personnel file;

D. For injunctive relief requiring Defendants to correct the record and issue a retraction providing corrected information to both Chukchansi and White

14

2815342.1

Mountain Apache Indian tribes concerning information in Plaintiff's personnel file;

E. For injunctive relief requiring Defendants to comply with Plaintiff's FOIA Request Nos. 1-6 in their entirety;

F. An award against Defendants of reasonable attorneys' fees and costs and disbursements for this action as provided under applicable law;

G. For any and all pre-judgment and post-judgment interest at the rate applicable under the law; and

H. For any and all other relief that may be just and warranted under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues so triable.

Dated this 31st day of August, 2016.

PLAINTIFF PRO SE

By:

John Oliveira
15442 N. 57th Street
Scottsdale, Arizona 85254
(602)320-3574

15

2815342.1

# EXHIBIT 1

On 10/15/2014, I contacted the director of Fresno County Private Security who is Rob Simpson. I informed Simpson that I was conducting an investigation surrounding the events that occurred at Chukchansi Casino on 10/9/2014. Simpson agreed to meet with me at my office to discuss the incident and the actions taken by his employees. Once he arrived at my office, I spoke with Simpson about the role his employees took in this incident. Simpson informed me that JOHN OLIVEIRA had hired six of his employees. According to Simpson, six of his employees were hired by OLIVEIRA for an undetermined number of hours. Simpson told me that his employees responsibility was solely to video tape the events that occurred. Simpson informed me that the six employees who were assigned to work the event were ISSAC HARE, ERIC SUNIGA, JERRY VUE, DEVIN TOUROS, VICTOR VILLALOBOS and BRIAN MATTHEW GRIFFIN. Simpson told me that he had become aware that SUNIGA had used his issued stun gun during the incident. According to Simpson, SUNIGA claimed that he used the stun gun in self defense. Simpson told me that his employees had submitted written documents detailing the actions they took on the night in question. Simpson also told me that he had the original contract and paperwork relating to JOHN OLIVEIRA hiring his employees for the event. Simpson told me that he would provide these documents to me, if I obtained a search warrant. I requested that Simpson preserve the documents, and not destroy them pending the issuance of a search warrant. On 10/15/2014, I contacted Simpson by telephone and requested to interview his employees. Simpson told me that the owner of the company could not approve us interviewing the employees involved in this incident. Simpson told me that due to the fact his six employees had been hired by members of the Chukchansi tribe, I would have to contact the MCDONALD faction attorney whom Simpson identified as Les Marstin. To this date (10/21/2014) I have left two separate voice mail messages with Marstin at the number provided by Simpson, and have received no response. Additionally, I have attempted to call JOHN OLIVEIRA (MCDONALD faction tribal police chief) via telephone (phone ▓▓▓▓▓▓▓▓▓ including leaving voice mail messages. To this date I have received no answer and no response from OLIVEIRA.

On 10/16/2014 I contacted Carleen Fischer who is a criminal investigator with the Bureau of Indian Affairs (BIA). Fischer informed me that neither of the factions of the Chukchansi Tribe have a tribal police department that is certified or recognized by the Department of the Interior BIA. Fischer told me that given the state of unrest within the Chukchansi Tribe, BIA would not certify a tribal police force until that unrest had been resolved. Fischer told me that the tribe could appoint and form their own tribal police, but their powers would be limited to enforcing tribal laws, on tribal land against Native Americans only. I found this significant due to the fact that most of individuals detained by the MCDONALD faction tribal police were not Chukchansi tribal members, nor were they Native Americans. This would clearly indicate that the MCDONALD faction tribal police, led by OLIVEIRA had no authority or jurisdiction to detain any of the Chukchansi Casino employees. I also spoke with BIA Internal Affairs investigator Damon Edminsten who confirmed that JOHN OLIVEIRA had in fact been previously employed as an Agent with BIA. I forwarded an official request for information regarding the nature of OLIVEIRA's separation of employment to Edminsten.

Based on the information gathered so far during this investigation it appears the members of the MCDONAL faction tribal police led by JOHN OLIVEIRA committed several violations of California Law. These violations include 182(a)(1)-conspiracy, 207 P.C. - Kidnapping, 236 P.C. - False Imprisonment, 211 P.C. - Robbery, 12022 (a)(1) P.C. - use of a firearm in the commission of a felony, 245 (a)(2) P.C. - assault with a firearm, 245 (b) P.C. - assault with a semi automatic firearm. 244.5(b) P.C. - use of stun gun during an assault and 459 P.C. - burglary.

RECOMMENDATIONS: Forward this report to the Madera County District Attorney for prosecution as listed below.

Event at Casino front entrance;

Six felony counts of 245(a)(2) P.C. against SHAWN FERNANDEZ, BRIAN AUCHENBACH, TYRONE

# EXHIBIT 2



UNITED STATES DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
Office of Justice Services
1001 Indian School Rd. N.W.
Albuquerque, New Mexico 87104
(505) 563-3885

IN REPLY REFER TO:
Internal Affairs Division

October 22, 2014

Detective Robert Blehm
Madera County Sheriff's Office
14143 Road 28
Madera, CA 93638

Detective Blehm,

Upon researching information regarding administrative investigations and findings on ex BIA employee John Oliviera, I have located three internal affairs investigations against Oliveira with numerous findings. The case numbers for those investigations are IA-04-104, K0L120-05-117 and K0L120-06-042.

In IA case number IA-04-104, several charges were sustained to include 3 Counts of false statements and falsification of documents, 1 Count of criminal, infamous, dishonest, immoral or notoriously disgraceful conduct prejudicial to the government, 1 Count of failure to observe established policies or procedures in the apprehension or detention of suspects or violators, 1 Count of negligence or careless performance of assigned duties, 1 Count of covering up or attempting to conceal defective work, 1 Count of interference with other employees in the performance of official duties and 1 Count of discourteous or disrespectful conduct towards members of the public, co-workers or supervisors. A review of this incident revealed that interviews were conducted with members of other federal agencies whom questioned Oliviera's suitability as a federal law enforcement officer and his ability to testify in federal court.

IA case number K0L120-05-117 indicates an anonymous caller notified the OIG Hotline on July 10, 2005, claiming Oliviera's purchasing authority was revoked due to misuse of a government credit card. The activity was alleged to have occurred in 2003, 2004, and 2005. Case file documentation states Oliviera resigned pending a proposed termination for another administrative inquiry (K0L120-06-042) therefore this case was not completed due to the employee resigning from his position.

In IA case number K0L120-06-042, charges were Sustained against Oliviera for misuse of a GOV, absence without leave, disregard of directives (insubordination) and making false statements to a supervisor. This was investigated by DIV Command Staff. SAC Breuninger proposed removal on Oliviera but Oliviera resigned his position as ASAC prior to being served the proposed termination.

If you have questions, please contact me at (505) 563-3885.

Sincerely,

Damon Edminsten
Division Chief
BIA Internal Affairs

This copy was prepared by the Wade County Sheriff's Office on 11/2/14 for the official use of
DA _____ AUSA _____
Other: _____ MP
and may not be revealed to any unauthorize persons.    CONFIDENTIAL:    UNLAWFU
RELEASE    OR    POSSESSION    OF    THI
INFORMATION IS A MISDEMEANOR.

# EXHIBIT 3

FROM :                           FAX NO. :                         Aug. 31 2007 01:51PM  P1

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| OLIVEIRA, JOHN E. | | | 04/16/06 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature Of Action | 6-A. Code | 6-B. Nature of Action |
| 702 | PROMOTION | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N3M | REG 335.102 COMP | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| CRIMINAL INVESTIGATOR | SUPVY CRIMINAL INVEST |
| CRIMINAL INVESTIGATOR (CI-21) | SUPV CRIMINAL INVESTIGATOR |
| COL300      3000024      3000024 | MOL300      3000035      3000035 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1811 | 12 | 04 | $ 85648 | PA | GS | 1811 | 13 | 04 | $101850 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $ 60895 | $ 7624 | $ 68519 | $ 17129 | $ 72414 | $ 9066 | $ 81480 | $ 20370 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| BUREAU OF INDIAN AFFAIRS | BUREAU OF INDIAN AFFAIRS |
| DIRECTOR, BUREAU OF INDIAN AFFAIRS | DIRECTOR, BUREAU OF INDIAN AFFAIRS |
| OFC OF DEPUTY BUREAU DIRECTOR,LES | OFC OF DEPUTY BUREAU DIRECTOR,LES |
| DIVISION OF OPERATIONS | DIVISION OF OPERATIONS |
| DISTRICT5-ROCKY MT,NORTHWEST&ALASKA R | DISTRICT 4-SOUTHWEST & NAVAJO REGIONS |
| BILLINGS,MONTANA | ALBUQUERQUE,NEW MEXICO |

### EMPLOYEE DATA

| 23. Veterans Preference | | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|---|
| 2 | 1 - None    3 - 10 Point/Disability    5 - 10-Point Other<br>2 - 5-Point    4 - 10-Point Compensable    6 - 10-Point/Compensable/30% | | 1 | 0 - None    2 - Conditional<br>1 - Permanent    3 - Indefinite | | X YES   NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| CO  BASIC ONLY | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| M  FERS & FICA-SPECIAL | 07/12/96 | F  FULL-TIME | |

### POSITION DATA

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1    1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career Reserved | E    E - Exempt<br>N - Nonexempt | | 8888 |

| 38. Duty Station Code | 39. Duty Station (City - County - State or Overseas Location) |
|---|---|
| 35-0030-001 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |

| 40. Agency Data NC | 41. VET-STAT | 42. EDUC LVL | 43. SUPV STAT | 44. POSITION SENSITIVITY |
|---|---|---|---|---|
| CLS  00 | P | 04 | 2 | CRITICAL-SENSITIVE |

45. Remarks

EMPLOYEE IS ENTITLED TO INDIAN PREFERENCE AS DEFINED BY THE SEC OF
INTERIOR.
SELECTED FROM OLES 91/05                                , DATED 01-04-06.
POSITION SUBJECT TO DRUG TESTING.
POSITION IS AT THE FULL PERFORMANCE LEVEL OR BAND.
THIS CHANGE OF OFFICIAL STATION IS IN THE INTEREST OF THE GOVT. AND NOT FOR
YOUR CONVENIENCE. USE OF PRIVATELY OWNED CONVEYANCE, EXPENSE OF TRAVEL FOR
YOURSELF, TRANSPORTATION OF YOUR IMMEDIATE FAMILY AND SHIPMENT OF HOUSEHOLD
GOODS ARE AUTHORIZED.  SIGNED EMPLOYMENT AGREEMENT REQUIRES THAT YOU REMAIN
IN THE FEDERAL SERVICE FOR NOT LESS THAN ONE YEAR FROM EFFECTIVE DATE OF
THIS ACTION, UNLESS SEPARATED EARLIER THRU NO FAULT OF YOUR OWN. MOVING
EXPENSE FOR WHICH REIMBURSED MUST BE REPAID TO THE GOVT.
SUBJECT TO COMPLETION OF ONE YEAR   PROBATIONARY PERIOD FOR ASSIGNMENT TO
SUPERVISORY (OR MANAGERIAL) POSITION BEGINNING 04-16-06.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| IN - INDIAN AFFAIRS | KAREN A. PARRISH |
| 47. Agency Code   48. Personnel Office ID   49. Approval Date | HUMAN RESOURCES OFFICER |
| IN06      1800      04/26/06 | 060740371 |

1 - Employee Copy - Keep for Future Reference

# EXHIBIT 4

July 21, 2016

**Via U.S. Certified Mail (Return Receipt Requested)**
**Fax 202-208-6597**
Daniel Largo, Jr.
Indian Affairs FOIA Officer
1849 C Street N.W.
MS3070 – MIB
Washington, D.C. 20240

      **Re: FOIA Requests by John Oliveira to BIA issued on**
      **3/19/15, 6/10/15, 11/8/15(2 requests), 6/16/16 (2 requests) (copies enclosed)**

Dear Mr. Largo:

      This is an appeal of *six* separate requests under the Freedom of Information Act (5 U.S.C. § 552(a)(6)). I have attached true and correct copies of each of the six separate requests. I have also enclosed emails from BIA confirming receipt of my requests.

      You will see that many of the requests are quite discrete and could be easily provided such as a copy of an Internal Affairs policy manual or a specific letter. There are no exemptions that apply and/or that have been raised by the BIA. And, at this point, if any are raised, I would take the position that they have been waived.

      The grounds for this appeal is that the BIA has failed to comply with its statutory obligations under FOIA. As of this date, absolutely no documents have been provided in response to any of my six requests. Such conduct constitutes a denial.

      There is simply no legitimate reason as to why the BIA has failed to provide documents in response to any of my six requests in a timely manner.

      I expect a final ruling on this appeal within 20 business days as required by FOIA.

      *Time is of the essence.*

                  Very truly yours,

                  John Oliveira
                  15442 N. 57th St.
                  Scottsdale, AZ 85254
                  (602) 320-3574

Enclosures (six FOIA requests and confirmations of receipt)

# EXHIBIT 5



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:

March 3, 2016

## CERTIFIED MAIL- RETURN RECEIPT REQUESTED

John Oliveira
15442 N. 57th St.
Scottsdale, AZ 85254

Re:    Your FTCA Claim

Dear Mr. Oliveira:

We have received, and considered, your November 20, 2015 claim for compensation under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) for alleged injuries sustained as a result of alleged "[disclosures] of employment information" and "confidential information in violation of federal law" as well as misrepresentation of facts "resulting in the loss of a contract."

The FTCA provides that an eligible claimant may file an administrative claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment. See 28 U.S.C. § 2672. However, the "intentional tort" exception to the FTCA, found at 28 U.S.C. § 2680(h), reserves the government's immunity from suit for any claims arising out of "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights."

As your claims fall squarely under § 2680(h), your FTCA claim is denied. This is your exclusive remedy against the Federal government for injuries resulting from the events described in your complaint. See United States v. Smith, 499 U.S. 160 (1991).

Sincerely yours,

James L. Weiner
Assistant Solicitor
Branch of Acquisitions
    and Intellectual Property
Division of General Law

# EXHIBIT 6

# MARCH 19, 2015 FOIA REQUEST BY PLAINTIFF

# RE: INTERNAL AFFAIRS INVESTIGATIONS

**From:** <foia@bia.gov>
**Date:** March 19, 2015 at 8:38:36 PM MDT
**To:** <john@numagagroup.com>
**Subject: Receipt of Your DOI FOIA Request**

On 03/19/2015 at 8:38:15 PM you submitted the following request to foia@bia.gov:

## Your Contact Information:

Note: This section corresponds with 43 C.F.R. Part 2, Subpart B.

Your Name*:  **John Oliveira**
Street Address*: **518 Barsotti Ave**
City*: **Madera**
State or Country*: **CA**
Zip or Postal Code*: **93637**
Address Type: **Home**
Daytime Phone Number*: **6023203574**
Fax Number:
Your Email Address: **john@numagagroup.com**
Your Organization:
Are you filing the request on behalf of another party?*: **No**

- If so, who are you filing the request on behalf of?:

## Your Request:

Note: This section corresponds with 43 C.F.R. Part 2, Subpart B.

1

Bureau/Office*: **Bureau of Indian Affairs (BIA)**
Relevant park, refuge, site or other location: **Office of Justice Services, Internal Affairs**
Request Description*: **I would like to request the files related to the following internal affairs investigations: IA-04-104- To include memo from solicitor Karen Dunnigan K0L-05-117 K0L-06-042 Please include all notices of investigations and proof of service. Also, any requests by Madera County Sheriff's Department in October 2014 requesting internal affairs records or information. This was discovered in a letter dated October 22, 2014 from the Chief of Internal Affairs to the sheriff's department.**
Desired Format of Disclosure: **Paper copies**

## Expedited Processing:

Note: This section corresponds with 43 C.F.R. § 2.10 and § 2.20.

Select the applicable reason why you are requesting expedited processing (if applicable):

- Justification: **The information requested was released to the media and is needed to establish credibility of the individual listed in the files before the public and government officials before April 10, 2015.**
- I certify that the above statement(s) concerning expedited processing are true and correct to the best of my knowledge and belief: **Yes, I certify that the above statement(s) concerning expedited processing are true and correct to the best of my knowledge and belief.**

## Fees and Waivers:

Note: This section corresponds with 43 C.F.R. Part 2, Subpart G.

Please select the appropriate statement:

- I agree to pay fees up to this particular amount (if applicable): **I agree to pay all applicable fees.**

In order to assist you in determining my requester category to asses fees, you should know that I am: **an individual seeking information for personal use and not for commercial use**
News Media/ Educational or Noncommercial Scientific Institution Affiliation (if applicable):
Check the boxes to the right to confirm that you meet the Department's fee waiver criteria (if applicable):

- Disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government:
- Disclosure of the information is not primarily in my commercial interest:

Detailed Fee Waiver Justification:

2

# JUNE 10, 2015 FOIA REQUEST BY PLAINTIFF

# RE: OJS INTERNAL AFFAIRS POLICIES

**From:** <foia@bia.gov>
**Date:** June 10, 2015 at 8:48:04 PM MDT
**To:** <john@numagagroup.com>
**Subject: Receipt of Your DOI FOIA Request**

On 06/10/2015 at 8:47:39 PM you submitted the following request to foia@bia.gov:

## Your Contact Information:

Note: This section corresponds with 43 C.F.R. Part 2, Subpart B.

Your Name*:  **John Oliveira**
Street Address*:  **518 Barsotti Ave**
City*:  **Madera**
State or Country*:  **CA**
Zip or Postal Code*:  **93637**
Address Type:  **Home**
Daytime Phone Number*:  **6023203574**
Fax Number:
Your Email Address:  **john@numagagroup.com**
Your Organization:
Are you filing the request on behalf of another party?*:  **No**

  • If so, who are you filing the request on behalf of?:

## Your Request:

Note: This section corresponds with 43 C.F.R. Part 2, Subpart B.

1

Bureau/Office*:  **Bureau of Indian Affairs (BIA)**
Relevant park, refuge, site or other location:  **Office of Justice Services, Internal Affairs**
Request Description*:  **Copies of OJS Internal Affairs policies and procedures from 2004 and the current version.**
Desired Format of Disclosure:  **Electronic format via email**

---

## Expedited Processing:

---

Note: This section corresponds with 43 C.F.R. § 2.10 and § 2.20.

Select the applicable reason why you are requesting expedited processing (if applicable):

- Justification:
- I certify that the above statement(s) concerning expedited processing are true and correct to the best of my knowledge and belief:

---

## Fees and Waivers:

---

Note: This section corresponds with 43 C.F.R. Part 2, Subpart G.

Please select the appropriate statement:

- I agree to pay fees up to this particular amount (if applicable):  **I agree to pay all applicable fees.**

In order to assist you in determining my requester category to asses fees, you should know that I am:  **an individual seeking information for personal use and not for commercial use**
News Media/ Educational or Noncommercial Scientific Institution Affiliation (if applicable):
Check the boxes to the right to confirm that you meet the Department's fee waiver criteria (if applicable):

- Disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government:
- Disclosure of the information is not primarily in my commercial interest:

Detailed Fee Waiver Justification:

2

# NOVEMBER 8, 2015 FOIA REQUESTS BY PLAINTIFF

# RE: EMAILS AND ANN BUTTON LETTER

**From:** "U.S. Department of the Interior" <no-reply@ios.doi.gov>
**Date:** November 8, 2015 at 2:50:48 PM MST
**To:** john@numagagroup.com
**Subject: Receipt of Your DOI FOIA Request**
**Reply-To:** no-reply@ios.doi.gov

Submitted on Sunday, November 8, 2015 - 4:50pm

Submitted values are:

Your Name: John Oliveira
Street Address: 15442 N. 57th St.
City: Scottsdale
State or Country: AZ
Zip or Postal Code: 85254
Address Type: Home
Daytime Phone Number: 6023203574
Fax Number:
Your Email Address: john@numagagroup.com
Your Organization:
Are you filing the request on behalf of another party? No
If so, who are you filing the request on behalf of?
Contact Information Certification:
Bureau/Office: Bureau of Indian Affairs (BIA)
Relevant park, refuge, site or other location: Office of Justice Services
Request Description: Any and all emails between August 2014 and October 2015 concerning John Oliveira "to" and "from" the following employees:  Carleen Fischer, Damon Edmonton, Joseph Brooks, Matthew Pryor, David Little, Darren Cruzan, Jason Thompson, Molly Hernandez, Selena McDonald, Warren Youngman and all agents of the Ft. Apache Agency (White Mountain Apache Tribe).
Desired Format of Disclosure: Electronic format via email
Select the applicable reason why you are requesting expedited processing:
Expedited Processing Justification:
Expedited Processing Certification:
Please select the appropriate statement: I agree to pay all applicable fees.
I agree to pay fees up to this particular amount: $25.00

In order to assist you in determining my requester category to assess fees, you should know that I am: an individual seeking information for personal use and not for commercial use
News Media/Educational or Noncommercial Scientific Institution Affiliation:
Check the boxes to the right to confirm that you meet the Department's fee waiver criteria:
Detailed Fee Waiver Justification:

Begin forwarded message:

> **From:** "U.S. Department of the Interior" <no-reply@ios.doi.gov>
> **Date:** November 8, 2015 at 2:44:07 PM MST
> **To:** john@numagagroup.com
> **Subject: Receipt of Your DOI FOIA Request**
> **Reply-To:** no-reply@ios.doi.gov
>
> Submitted on Sunday, November 8, 2015 - 4:44pm
>
> Submitted values are:
>
> Your Name: John Oliveira
> Street Address: 15442 N. 57th St.
> City: Scottsdale
> State or Country: AZ
> Zip or Postal Code: 85254
> Address Type: Home
> Daytime Phone Number: 6023203574
> Fax Number:
> Your Email Address: john@numagagroup.com
> Your Organization:
> Are you filing the request on behalf of another party? No
> If so, who are you filing the request on behalf of?
> Contact Information Certification:
> Bureau/Office: Bureau of Indian Affairs (BIA)
> Relevant park, refuge, site or other location: Phoenix Regional Office
> Request Description: A letter drafted and signed by BIA contract officer, Ann Button, to Jim
> Palmer, Attorney General for the White Mountain Apache Tribe in which Ms. Button advises
> Mr. Palmer that the tribe could not legally contract with me, John Oliveira, because I had been
> the subject of an alleged criminal offense.  This letter would have been dated in the first couple
> weeks of August 2015.
> Desired Format of Disclosure: Electronic format via email
> Select the applicable reason why you are requesting expedited processing:
> Expedited Processing Justification:
> Expedited Processing Certification:
> Please select the appropriate statement: I agree to pay all applicable fees.
> I agree to pay fees up to this particular amount: $5.00

In order to assist you in determining my requester category to assess fees, you should know that I am: an individual seeking information for personal use and not for commercial use
News Media/Educational or Noncommercial Scientific Institution Affiliation:
Check the boxes to the right to confirm that you meet the Department's fee waiver criteria:
Detailed Fee Waiver Justification:

# TWO - JUNE 16, 2016 FOIA REQUESTS BY PLAINTIFF

# RE: (1) ANY MCSD REQUESTS FOR HIS FILE INFO
# AND
# (2) LETTER/MEMO FROM SOLICITOR DUNNIGAN RE IA-04-104

**From:** "FOIA, BIA" <foia@bia.gov>
**Date:** June 16, 2016 at 1:35:03 PM MDT
**To:** John Oliveira <john@numagagroup.com>
**Cc:** Internal Affairs FOIA <ia-foia@bia.gov>, Barry Cossey <Barry.Cossey@bia.gov>, Kelly Maytubby <kelly.maytubby@bia.gov>
**Subject: Re: FOIA Request Form from IBM address**

Thank you for your request. Your request was routed to OJS for response. For information regarding your request OJS FOIA Coordinators; Bernadette Sanchez, Barry Cossey & Kelly Maytubby, their contact information is below:

OFFICE OF JUSTICE SERVICES
1001 Indian School Road NW, Suite 251
Albuquerque, NM 87104
phone: 505.563.3880
fax: 505.563.3089
ia-foia@bia.gov


OFFICE OF JUSTICE SERVICES
5924 NW 2nd Street, Suite 650
Oklahoma City, OK 73127
fax: 405.603.1570
phone: 405.603.1567
Barry.Cossey@bia.gov
kelly.maytubby@bia.gov

Sincerely,

Jessica R. Rogers
Government Information Specialist

On Thu, Jun 16, 2016 at 11:33 AM, FOIA Request Form <FOIAForm@opengov.ibmcloud.com> wrote:
Submitted on Thursday, June 16, 2016 - 11:33am

Submitted by anonymous user: [10.156.8.158]

Submitted values are:

1

Your Name: John Oliveira

[REDACTED]

Your Organization:

Are you filing the request on behalf of another party? No

If so, who are you filing the request on behalf of?

Contact Information Certification:

Bureau/Office: Bureau of Indian Affairs (BIA)

Relevant park, refuge, site or other location: Office of Justice Services

Request Description:

1.  Any requests to Internal Affairs made by Madera County Sheriff's Department in 2014 requesting internal affairs records or information on former special agent John Oliveira.


Desired Format of Disclosure: Electronic format via email

Select the applicable reason why you are requesting expedited processing:

Justification for Expedited Processing:

Expedited Processing Certification:

Please select the appropriate statement: I agree to pay all applicable fees.

I agree to pay fees up to this particular amount: 20.00

To assist in determining my requester category to assess fees, you should know that I am: an individual seeking information for personal use and not for commercial use

Affiliated Organization:

Check the boxes to the right to confirm that you meet the Department's fee waiver criteria:

Please explain why your request for a waiver of fees or a reduction in fees is justified.:


The results of this submission may be viewed at:

https://www.doi.gov/node/11498/submission/12353

https://www.doi.gov/node/11498/submission/12353

3

**From:** "U.S. Department of the Interior" <no-reply@ios.doi.gov>
**Date:** June 16, 2016 at 9:27:37 AM MDT
**To:** john@numagagroup.com
**Subject: Receipt of Your DOI FOIA Request**
**Reply-To:** no-reply@ios.doi.gov

Submitted on Thursday, June 16, 2016 - 11:27am

Submitted values are:

Your Name: John Oliveira
Street Address: 15442 N. 57th St.
City: Scottsdale
State or Country: AZ
Zip or Postal Code: 85258
Address Type: Home
Daytime Phone Number: 6023203574
Fax Number:
E-mail Address: john@numagagroup.com
Confirm E-mail Address : john@numagagroup.com
Your Organization:
Are you filing the request on behalf of another party? No
If so, who are you filing the request on behalf of?
Contact Information Certification:
Bureau/Office: Bureau of Indian Affairs (BIA)
Relevant park, refuge, site or other location: Office of Justice Services
Request Description:
This is a partial resubmission of FOIA request BIA2015-00922 and a request for only the
following documents at this time:
1. Letter/Memo from Solicitor Karen Dunnigan regarding Internal Affairs case number: IA-04-
104. The subject of the investigation was special agent John Oliveira.  2. In addition, there
should be a cover letter or memo from then Deputy Director Brent Larocque issued after the
memo from Karen Dunnigan.  3.  Initial notification letter from IA.
Desired Format of Disclosure: Electronic format via email
Select the applicable reason why you are requesting expedited processing:
Justification for Expedited Processing:

1

Expedited Processing Certification:
Please select the appropriate statement: I agree to pay all applicable fees.
I agree to pay fees up to this particular amount: $100.00
To assist in determining my requester category to assess fees, you should know that I am: an individual seeking information for personal use and not for commercial use
Affiliated Organization:
Check the boxes to the right to confirm that you meet the Department's fee waiver criteria:
Please explain why your request for a waiver of fees or a reduction in fees is justified.:

2