# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Oliveira, | No. CV-16-02925-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Sally Jewell, et al., | |
| Defendants. | |

Plaintiff brought this action in August 2016, alleging claims against Defendants under the Federal Tort Claims Act ("FTCA"), the Freedom of Information Act ("FOIA"), and the Privacy Act. (Doc. 1.) All of Plaintiff's claims are based on the allegedly unauthorized and harmful dissemination of inaccurate information relating to his employment at the Bureau of Indian Affairs ("BIA"), and the agency's alleged failures to produce responsive documents to a number of FOIA requests that Plaintiff made in 2015 and 2016.

Defendants moved to dismiss Plaintiff's FTCA claims on December 15, 2016, which the Court later granted. Defendants also moved for summary judgment on Plaintiff's FOIA and Privacy Act claims. (Doc. 21.) In response, Plaintiff submitted a declaration pursuant to Federal Rule of Civil Procedure 56(d) stating that he could not meaningfully respond to Defendants' motion as it pertained to the Privacy Act claims without conducting some limited discovery. (Doc. 25.) He also stated that he would

have no objection to dismissing his FOIA claims if he is permitted to conduct discovery on his Privacy Act claim.  (Doc. 23 at 4-5.)

The Court held oral argument on Defendants' motion on July 14, 2017.  After hearing from the parties, the Court granted Plaintiff's Rule 56(d) request for limited discovery into his Privacy Act claim and gave him until October 1, 2017 to file a supplemental response memorandum addressing the merits of Defendant's arguments. Plaintiff, in turn, withdrew his FOIA claims.  (Docs. 34, 37.)  Thus, Plaintiff's Privacy Act claim is the only remaining cause of action in this case.

Plaintiff failed to file a supplemental response by the October 1, 2017 deadline. On November 1, 2017, the Court sua sponte extended Plaintiff's supplemental response deadline to November 10, 2017 and warned that a failure to supplement his response may result in the Court ruling on Defendants' summary judgment motion based on the briefs already filed.  (Doc. 38.)  This extended deadline likewise passed and Plaintiff filed no supplemental response filed.  On December 20, 2017, the Court issued an order directing the parties to jointly file a status report by no later than December 29, 2017 updating the Court on the status of this case.  (Doc. 39.)

The Court received a status report from Defendants only.  (Doc. 40.)  In their status report, Defendants explain that they made several sincere efforts to contact Plaintiff, but were unsuccessful.  They also explain that they have not heard from Plaintiff since October 5, 2017.  Defendants advise the Court that a ruling on the pending summary judgment motion is still necessary, but alternatively request that the Court dismiss this action under Federal Rule of Civil Procedure 41(b) because Plaintiff has failed to follow Court orders and to otherwise prosecute his case.

Rule 41(b) authorizes the Court to dismiss an action if a plaintiff fails to prosecute his case, or to comply with Court orders and the Federal Rules of Civil Procedure.  This action has been needlessly delayed for many months because Plaintiff represented to the Court that he could not meaningfully respond to Defendants' summary judgment motion without discovery.  The Court granted Plaintiff leave to conduct discovery and to file a

supplemental response, sua sponte extended the supplemental response deadline, and warned twice of the consequences of failing to do so.  Plaintiff has ignored these orders and has taken no action whatsoever to advance this litigation.  The Court therefore finds that he has abandoned this suit and that dismissal under Rule 41(d) would be appropriate.  Further, the Court has reviewed Defendants' summary judgment motion and finds their arguments concerning the fatal defects in Plaintiff's Privacy Act claim persuasive.  Therefore,

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 21) is **GRANTED** for the reasons stated in pages 4-10 of the motion.  The Clerk shall enter judgment in favor of Defendants and terminate this case.

Dated this 3rd day of January, 2018.


Douglas L. Rayes
United States District Judge